IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANK R. ZOKAITES,                )
    Plaintiff,              )
                                  )
  v.                              ) Civil Action No. 11-981
                                  )
TRANSUNION CORPORATION; EQUIFAX   )
INFORMATION SERVICES, LLC, and    )
EXPERIAN INFORMATION SOLUTIONS,   )
INC.                              )
    Defendants.             )

ORDER OF COURT

Gary L. Lancaster,
Chief Judge.                                     October 28, 2011

       This is an action alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. (the "FCRA"), as well as the common law torts of defamation and publicity placing a person in false light. Plaintiff, Frank Zokaites, alleges that defendants, Transunion Corporation ("Trans Union"), Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian"), reported his delinquency on a personal guaranty of a commercial loan in violation of the FCRA, which he argues allows for the reporting of consumer loans only. He further alleges that defendants' actions in reporting the delinquency constituted common law defamation and publicity placing a person in false light. Before the court is Plaintiff's Emergency Motion for a Temporary Restraining Order,

or, in the Alternative, a Preliminary Injunction [Doc. No. 5]. In moving for the preliminary injunction, plaintiff alleges that the relief is necessary because without a correction to his credit score, he will be unable to obtain enough credit to properly run his business and may be forced to discontinue its operations, constituting irreparable harm.

Defendants Experian and Trans Union oppose the motion, arguing: (1) that the FCRA does not make injunctive relief available to private parties; (2) that Zokaites is unlikely to succeed on the merits because the FCRA does not apply in this circumstance; and (3) that Zokaites's state law claims are preempted.[1]  At any rate, defendants argue, Zokaites has not shown a risk of irreparable harm, and an injunction would harm both the defendants and the public interest.  For the reasons which follow, the motion will be denied.

In order to obtain a preliminary injunction under Fed.R.Civ.P. 65, plaintiff must demonstrate:  1) a reasonable likelihood of ultimate success on the merits; 2) that irreparable harm would result if the relief is not granted; 3) that issuance of the injunctive relief would not result in greater harm to the non-moving party; and 4) that the public interest would best be served by granting the relief.  See Video

---

[1]   Defendant Equifax has not joined in the opposition filed by Experian and Trans Union, nor has it opposed the motion itself.

Pipeline, Inc. v. Buena Vista Home Entm't, Inc., 342 F.3d 191, 196 (3d Cir. 2003) (internal citation and quotation omitted).[2]

A preliminary injunction is not a matter of right. A district court's decision to issue a preliminary injunction is committed to the court's sound discretion. Shire US Inc. v. Barr Labs., Inc., 329 F.3d 348, 352 (3d Cir. 2003)(quoting Duraco Prods., Inc. v. Joy Plastic Enters., 40 F.3d 1431 (3d Cir. 1994)). In this circuit, a preliminary injunction must be denied, unless the moving party can demonstrate both a likelihood of success on the merits and the probability of irreparable harm if relief is not granted. Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998).

At this juncture, and based on the uncontradicted allegations contained in the complaint, it cannot be said that the complaint is frivolous. Yet, we find that plaintiff has not set forth a factual basis which demonstrates that irreparable injury will result if injunctive relief is not granted, or that if plaintiff is ultimately successful, the injury which he has or will sustain cannot be remedied by other means.

Specifically, plaintiff's conclusory allegations that he "may have to shut down his operations" [Doc. No. 5, ¶36], putting his employees and contractors at risk of unemployment,

---

[2] The standard for a temporary restraining order is the same as that for a preliminary injunction. Ride the Ducks, L.L.C. v. Duck Boat Tours, Inc., No. 04-CV-5595, 2005 WL 670302, *4 (E.D. Pa. March 21, 2005) (citation omitted).

are insufficient to meet his burden that he will be irreparably harmed. See Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 803 (3d Cir. 1989) (holding that "general statements to the effect that [the movant] will no longer exist" are insufficient to demonstrate irreparable harm). Zokaites's only concrete allegation of harm, that he has $2 million in loan applications that are pending and in danger of denial should his credit score not be corrected, is easily quantifiable and may be adequately compensated by money damages. He simply has not shown that he will be irreparably harmed if he does not obtain a preliminary injunction.

Accordingly, Plaintiff's Emergency Motion for a Temporary Restraining Order, or, in the Alternative, a Preliminary Injunction [Doc. No. 5] is denied, without prejudice.

BY THE COURT:

_____
Gary L. Lancaster,
Chief United States District Judge

cc: All Counsel of Record