IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANK R. ZOKAITES,                      )
          Plaintiff,                    )
                                        )
     v.                                 ) Civil Action No. 11-981
                                        )
EQUIFAX INFORMATION SERVICES,           )
LLC; and EXPERIAN INFORMATION           )
SOLUTIONS, INC.                         )
          Defendants.                   )

MEMORANDUM

Gary L. Lancaster,                           March $\underline{2\,2}$, 2012
Chief Judge.

This is an action alleging violations of the Fair
Credit Reporting Act, 15 U.S.C. §1681 et seq. (the "FCRA"), as
well as the common law torts of defamation and publicity placing
a person in false light.  Plaintiff, Frank Zokaites, alleges
that defendants Equifax Information Services, LLC ("Equifax")
and Experian Information Solutions, Inc. ("Experian") reported
his delinquency on a personal guaranty of a commercial loan, an
action which he argues defamed him and invaded his privacy.  He
now disavows his FCRA claim and seeks remand of his state law
claims.  Before the court are the Joint Motion to Dismiss for
Failure to State a Claim filed by Experian and Trans Union, LLC

[Doc. No. 19],[1] and the Motion for Judgment on the Pleadings filed by Equifax [Doc. No. 30]. Defendants argue that this court should dismiss Zokaites's federal claims with prejudice, retain supplemental jurisdiction over his state claims, and dismiss the state claims as well. Zokaites has also sought leave to file a sur-reply in response to the defendants' most recent reply briefing. [Doc. No. 35].

For the reasons that follow, the court will dismiss Zokaites's FCRA claims with prejudice, and remand the remaining claims to the Court of Common Pleas for Allegheny County, Pennsylvania. Accordingly, his Motion to File Sur-Reply to Defendants' Reply to Motion to Dismiss will be denied.


I.    BACKGROUND

The following facts are presented as alleged in Zokaites's complaint.

Frank Zokaites is a real estate developer and contractor, as well as the managing member of Buena Vista Oceanside, LLC ("Buena Vista"). In 2005, he executed a personal guaranty on a loan that Buena Vista used to finance a purchase of commercial real property. When the loan fell into arrears, the lender reported the delinquency to several credit reporting

---

[1]    Trans Union, LLC, named in the complaint as Transunion Corporation, reached a settlement agreement with Zokaites and was dismissed by consent motion.

agencies, including defendants.[2]   Zokaites objected to this
action, and sent letters to defendants requesting that they not
include the deficiency in his credit report.   Both defendants
responded, acknowledging his complaint but ultimately refusing
to remove the information.

        As a result of defendants' reporting, Zokaites's
previously "excellent" credit score has deteriorated.   [Doc. No.
1, App. 1, ¶ 16].   He avers that he relies on credit to run his
businesses, and that his inability to obtain credit has
threatened his livelihood.   He has already lost "a $1 million
line of credit to finance construction of residential homes."
[Doc. No. 1, App. 1, ¶ 36].

        Zokaites then brought this action in the Court of
Common Pleas of Allegheny County, Pennsylvania, seeking
injunctive relief and damages.   Equifax removed the case to this
court on the basis of federal question jurisdiction.   On October
28, 2011, we denied Zokaites's motion for a temporary
restraining order and preliminary injunction.   [Doc. No. 33].


II.   STANDARD OF REVIEW

        In considering a Rule 12(b)(6) motion, we must be
mindful that federal courts require notice pleading, as opposed

---

[2]     Neither defendant disputes that it is a "consumer reporting
        agency" for purposes of 15 U.S.C. § 1681a(f).

to the heightened standard of fact pleading. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).[3]

To survive a motion to dismiss, plaintiff must allege sufficient facts that, if accepted as true, "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant may be liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555)); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

---

[3]    A motion for judgment on the pleadings is evaluated pursuant to the same standard as a motion to dismiss. Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991); Shelly v. Johns-Manville Corp., 798 F.2d 93, 97 n.4 (3d Cir. 1986). Therefore, we will make no procedural or substantive distinction in our disposal of the motions.

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555. We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 550 U.S. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. In short, the motion to dismiss should not be granted if plaintiff alleges facts which could, if established at trial, entitle him to relief. Id. at 563 n.8.

It is on this standard that the court has reviewed defendants' motions. Based on the pleadings of record and the briefs filed in support of and in opposition thereto, the court finds that Zokaites has failed to state a claim upon which relief can be granted under the FCRA. The court declines to exercise supplemental jurisdiction over his remaining claims.

III. <u>DISCUSSION</u>

A.   <u>FCRA Claims</u>

In his complaint, Zokaites originally alleged
violation of the FCRA. Central to this claim was his argument
that the FCRA does not apply to commercial loans – and thus,
that defendants violated the FCRA by including his deficiency on
a commercial loan in his credit report. However, the case law
he relies on forecloses his claim entirely. It stands instead
for the proposition that the FCRA only regulates "consumer
reports" issued for personal, family, or household purposes.
<u>See, e.g.</u>, <u>Lucchesi v. Experian Info. Solutions, Inc.</u>, 226
F.R.D. 172, 174 (S.D.N.Y. 2005) (dismissing FCRA claim because
the credit report at issue "was issued in connection with a
business operated by the consumer, and thus cannot form the
basis of liability under the FCRA"); <u>D'Angelo v. Wilmington Med.
Ctr., Inc.</u>, 515 F. Supp. 1250, 1254 (D. Del. 1981) (finding FCRA
does not apply to applications for commercial credit). Because
all of Zokaites' alleged injury arises from his inability to
obtain commercial loans, not consumer loans, defendants'
reporting did not constitute a "consumer report" and the reports
themselves were not governed by the FCRA. In his opposition
brief, Zokaites now appears to recognize his error, and seeks to
"withdraw" the FCRA claim. [Doc. No. 27 at 2]. He has not
sought to amend his complaint pursuant to Fed. R. Civ. P. 15(a).

6

Because Zokaites has not stated a valid claim for relief, defendants' motions will be granted as to Counts I and II of the complaint. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 253 (3d Cir. 2007) (holding that a district court may grant a motion to dismiss where "plaintiff has not properly requested leave to amend its complaint"). As he has expressed his wish to abandon this claim rather than amend, dismissal will be with prejudice.

### B. State Law Claims

With the dismissal of plaintiff's FCRA causes of action, no federal claim remains to provide this court with primary jurisdiction. Zokaites thus argues that the case "must" be remanded back to the Court of Common Pleas. Defendants maintain that this court should retain supplemental jurisdiction over the remaining state law claims. They argue that remand would be futile because Zokaites has not stated a claim for relief on the merits. They further argue that Zokaites is engaged in improper forum manipulation and that remand would be prejudicial and inefficient.

The court may exercise supplemental jurisdiction over plaintiff's state law claims, even where it has dismissed all of the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). This exercise is discretionary. Bright v.

7

Westmoreland County, 443 F.3d 276, 286 (3d Cir. 2006). However, "[w]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Id. (internal quotations omitted).

We disagree with defendants that any of these considerations favor retaining jurisdiction. This case has not yet progressed beyond the motion to dismiss stage. The court has not expended a significant amount of judicial resources, and any discovery conducted by the parties will have been preliminary at most and equally relevant to any further proceeding in state court. Nor will the court retain jurisdiction on the basis of improper forum manipulation. Although plaintiff's conduct could be attributable to improper motives, it is equally plausible that he has simply made the sensible decision not to pursue a meritless federal claim.

Defendants cite several cases in which the court retained jurisdiction under similar circumstances, but in nearly all of those cases, the case was nearing trial or discovery was well under way, and remand would have been particularly prejudicial. See, e.g., Payne v. Parkchester N. Condos., 134 F. Supp. 2d 582, 587 (S.D.N.Y. 2001) (denying motion to remand

8

where "plaintiffs waited over seven months to file for remand, some discovery has already occurred under the Federal Rules, and this Court has become quite familiar with the case through pre-motion conferences"); Ampleman v. Trans States Airlines, 204 F.R.D. 437, 439-40 (E.D. Mo. 2001) (finding remand would be "extremely inefficient" where discovery had been conducted and a motion for partial summary judgment had already been "fully briefed").    Nor is this a case where plaintiff has engaged in artful pleading to disguise a federal claim as one under state law.    See Husing Group of Cos., Inc. v. Auction 123, Inc., No. 07-1277, 2008 WL 163046 at *3 (W.D. Pa. Jan. 15, 2008).    With the FCRA claims excised, the remaining claims for defamation and false light are based in state law.

Defendants also argue that the FCRA preempts Zokaites's claims and therefore, there is an ongoing federal interest that favors our retention of jurisdiction.    See Gagliardi v. Equifax Info. Servs., LLC, No. 09-1612, 2011 WL 337331 at *13 (W.D. Pa. Feb. 3, 2011) (choosing to exercise supplemental jurisdiction over state law claims arguably preempted by FCRA).  15 U.S.C. § 1681h(e) provides that: "[N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy or negligence with respect to the reporting of information against any consumer reporting agency . . . based on information disclosed pursuant to [section

9

1681g, 1681h, or 1681m], or based on information disclosed by a user of a consumer report . . . except as to false information furnished with malice or willful intent to injure such consumer."

As discussed above, Zokaites has alleged that defendants' credit reporting damaged his ability to obtain credit for his real estate business, and not for his personal, family, or household use. Thus, the reporting in question was not a "consumer report" and sections 1681g, 1681h, and 1681m of the FCRA do not govern defendants' conduct. It is disingenuous for defendants to seek dismissal on the grounds that the FCRA does not apply for this very reason but then argue that the FCRA preempts Zokaites's state law claims. Defendants have brought no case to our attention which would suggest such action is proper. We find that Zokaites's state law claims are not subject to preemption, and so will not retain jurisdiction on this ground.

IV. CONCLUSION

Zokaites cannot state a claim for relief under the Fair Credit Reporting Act, and defendants' Motion to Dismiss [Doc. No. 19] and Motion for Judgment on the Pleadings [Doc. No. 30] will be granted as to Counts I and II of the complaint. Because plaintiff has abandoned those claims, dismissal will be

with prejudice.    Plaintiff's remaining claims will be remanded
to the Court of Common Pleas of Allegheny County, Pennsylvania,
as considerations of judicial economy, convenience, and fairness
do not justify our exercise of supplemental jurisdiction.

Finally, Zokaites has sought leave to file a sur-reply
[Doc. No. 35] in response to the reply brief filed by Experian
and Trans Union on November 1.    This court does not grant such
leave as a matter of course, and Zokaites has has not met his
burden of demonstrating the existence of good cause.    Therefore,
his motion will be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANK R. ZOKAITES,                    )
      Plaintiff,                    )
                         )
      v.                            )   Civil Action No. 11-981
                         )
EQUIFAX INFORMATION SERVICES,         )
LLC; and EXPERIAN INFORMATION         )
SOLUTIONS, INC.                       )
      Defendants.                   )

ORDER

AND NOW, this 22 day of March, 2012, IT IS HEREBY ORDERED that the Joint Motion to Dismiss for Failure to State a Claim [Doc. No. 19] and the Motion for Judgment on the Pleadings [Doc. No. 30] are GRANTED as to Counts I and II, with prejudice. The remaining claims are REMANDED to the Court of Common Pleas for Allegheny County, Pennsylvania, and the Clerk of Court is directed to mark this CASE CLOSED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Sur-Reply [Doc. No. 35] and defendant Equifax Information Services, LLC's Motion for Leave to File reply Brief [Doc. No. 37] are DENIED.

BY THE COURT,

_____ C.J.
Hon. Gary L. Lancaster,
Chief United States District Judge

cc:  All Counsel of Record